UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE LOUISE WHITNEY,

            Plaintiff,

    v.

CITY OF TACOMA, *et al.*,

            Defendants.

Case No. C19-5582-BHS-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter is before the Court on Defendant Cheryl Strange's Renewed Motion to Dismiss (dkt. # 35 ("Second Strange Mot.")), Defendants Paul Pastor, Jeff Rodgers, and Daryl Shuey's Motion to Dismiss (dkt. # 37 ("Second Pastor, Rodgers, and Shuey Mot.")), Defendant City of Tacoma's Renewed Motion to Dismiss (dkt. # 39 ("Second City Mot.")), and Defendants Charlene Hamblen, Taffi Wheeldon, and Misty Fitzsimmons' Second Motion to Dismiss (dkt. # 42 ("Second Hamblen, Wheeldon, and Fitzsimmons Mot.")). Plaintiff did not respond to Defendants' motions to dismiss.

The Court, having reviewed the parties' submissions, the governing law, and the balance of the record, finds Plaintiff's amended complaint fails to state a claim upon which relief can be

1  granted as to all Defendants. Therefore, the Court recommends that Defendants' motions to
2  dismiss (dkt. ## 35, 37, 39, 42) be GRANTED and Plaintiff be denied leave to file an amended
3  complaint.

## II.     BACKGROUND

Plaintiff Katherine Whitney, proceeding *pro se*, filed the instant civil rights complaint in Pierce County Superior Court following an alleged assault at her residence which she was referred to by a nonprofit organization, Share and Care House of Tacoma ("Share and Care House"). (*See* Dkt. # 1-2 ("Compl.").) Plaintiff's complaint sought injunctive relief and damages based on alleged violations of her Fourth, Fifth, and Fourteenth Amendment rights. (*Id.*) Plaintiff named Defendants Rodgers, Deputy Shuey, City of Tacoma, Secretary Strange, Hamblen, Fitzsimmons, and Wheeldon. (*Id.*) All Defendants moved to dismiss Plaintiff's complaint for failure to state a claim. (Dkt. ## 4, 9, 11, 16.) The undersigned found Plaintiff failed to state a claim upon which relief could be granted, and recommended Defendants' motions to dismiss be granted and Plaintiff be granted leave to amend her complaint for all but one of her claims. (Dkt. # 27.) On October 10, 2019, the Honorable Benjamin H. Settle entered an Order Adopting the Report and Recommendation and granted Plaintiff leave to amend. (Dkt. # 32.)

On October 30, 2019, Plaintiff filed an amended complaint. (Dkt. # 34 ("Am. Compl.").) Despite the Court's Report and Recommendation which detailed the ways in which Plaintiff's complaint was legally insufficient, Plaintiff's amended complaint appears to rely on the same deficient claims but with far fewer facts. Plaintiff again alleges that Share and Care House provided her with a list of landlords who accept Department of Social and Health Services ("DSHS") approved housing benefits, which included Natalie Howell. (*Id.* at 2.) Plaintiff alleges that she rented a residence from Ms. Howell, however, she was subsequently wrongfully evicted.

(*Id.*) Plaintiff requested Defendant Deputy Shuey conduct a civil standby while she gathered her belongings from the residence, but he declined because he believed Plaintiff had a right to return to the residence and he saw no need for protection. (*Id.*) When Plaintiff returned to the residence alone, she was beaten, presumably by Ms. Howell. (*Id.*)

Plaintiff later received approval to move into the Morning Tree Park Apartments. (*Id.*) Her approval was rescinded, however, when Defendant Wheeldon, a director for Share and Care House, informed the apartment complex that Plaintiff's state housing benefits were month-to-month. (*Id.*) Plaintiff appears to allege this communication was "misinformation." (*Id.*) Plaintiff also appears to allege that as a result of Defendant Wheeldon's communication, Plaintiff was left homeless and forced to live in a van which exposed her to extremely cold weather. (*Id.* at 2-3) Lastly, Plaintiff alleges in a conclusory fashion that all Defendants either did their jobs unlawfully, allowed other jobs to be done unlawfully, or did not do their jobs at all. (*Id.* at 3.)

### III.   DISCUSSION

#### A.   Defendants' Motions

Defendants move to dismiss Plaintiff's amended complaint with prejudice for failure to state a claim upon which relief can be granted. (*See* Second Strange Mot.; Second Pastor, Rodgers, and Shuey Mot.; Second City Mot.; Second Hamblen, Wheeldon, and Fitzsimmons Mot.) Defendants contend Plaintiff failed to cure the deficiencies that led to Judge Settle's prior dismissal of her constitutional claims.[1] The Court will address each of Plaintiff's claims by construing the facts in the light most favorable to Plaintiff, and also construing the amended complaint liberally due to her *pro se* status.

---

[1] Defendant Pastor was not a named defendant in Plaintiff's complaint. His Rule 12(b)(6) motion argues Plaintiff's amended complaint fails to state a claim against him in the first instance, rather than failing to cure deficiencies. (*See* Second Pastor, Rodgers, and Shuey Mot. at 4.)

REPORT AND RECOMMENDATION - 3

**B.    Rule 12(b)(6) Standard of Review**

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of the rights secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled on other grounds*. To be liable, the wrongdoer must personally cause the violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff alleges violations under the Fourth, Fifth, and Fourteenth Amendment.

          1.    *Fourth Amendment Claims*

As discussed above, Plaintiff's claims arise out of an apparent eviction and assault by a third-party landlord whom she found through Share and Care House. To support her Fourth Amendment claims, Plaintiff cites to the Fourth Amendment right of people to be secure in their persons and houses. (Am. Compl. at 2.) Plaintiff claims that based on the alleged events, she did not feel safe in her residence that Share and Care House recommended, became ineligible to be a

resident at the Morning Tree Park Apartments, and was not secure physically due to the alleged assault by her landlord. (*Id.* at 2-3.)

While the Court is sympathetic to the hardships alleged by Plaintiff, her amended complaint simply realleges facts that were already found to be insufficient to state a Fourth Amendment violation. The Fourth Amendment protects individuals against unreasonable searches and seizures by the government and is made applicable to the states by the Fourteenth Amendment. U.S. Const. amends. IV, XIV; *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027 (9th Cir. 2012). Plaintiff's factual allegations fail to allege that any named Defendants conducted a search or seizure, much less an unreasonable search or seizure. Further, Plaintiff's Fourth Amendment claims do not allege any specific facts whatsoever against Defendants City of Tacoma, Pastor, Strange, Rodgers, Hamblen, or Fitzsimmons other than the conclusory assertion that they did not do their jobs, did their jobs unlawfully, or allowed others to do jobs unlawfully. Accordingly, the Court recommends Plaintiff's Fourth Amendment claims against all Defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted.

2. *Fifth Amendment Claims*

Plaintiff identifies the same events alleged in her Fourth Amendment claims, *i.e.*, Share and Care House's landlord recommendation, Defendant Deputy Shuey's refusal to conduct a civil standby, and the lost opportunity to be a resident at the Morning Tree Park Apartments, and reasserts that they constitute a violation of her Fifth Amendment rights. (Am. Compl. at 2-3.) As discussed in the Report and Recommendation with regard to Plaintiff's Fifth Amendment claims in the complaint (dkt. # 27 at 8), Plaintiff's claims fail because the Fifth Amendment due process clause does not apply to actions by local police officers or municipalities. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("Prunchak is a local law enforcement official,

1  and the Fifth Amendment's due process clause only applies to the federal government."). From
2  the face of the amended complaint, none of the named Defendants appear to be federal actors
3  and Plaintiff does not allege any facts that would suggest otherwise. Defendant City of Tacoma
4  is a local municipal entity, Defendants Pastor, Deputy Shuey, and Rodgers work for Pierce
5  County, Defendant Secretary Strange works for Washington State DSHS, and Defendants
6  Hamblen, Fitzsimmons, and Wheeldon work for Share and Care House. (Am. Compl. at 1-2.)
7  Plaintiff's Fifth Amendment claims are therefore not legally cognizable. Accordingly, the Court
8  recommends Plaintiff's Fifth Amendment claims against all Defendants be dismissed with
9  prejudice.

           3.      Fourteenth Amendment Claims

11  Plaintiff claims Defendants violated her Fourteenth Amendment rights because "[a]ll
12  Defendants, doing jobs unlawfully, allowing jobs to be done unlawfully, or not doing job at all
13  absolutely took away Plaintiff, Katherine Louise Whitney's, Civil Rights!" (Am. Compl. at 3.) A
14  plaintiff can assert a procedural due process violation, substantive due process violation, or an
15  equal protection violation under the Fourteenth Amendment. Procedural due process imposes
16  constraints on governmental decisions that deprive individuals of liberty or property interests
17  within the meaning of the Due Process Clause of the Fourteenth Amendment. *Mathews v.*
18  *Eldridge*, 424 U.S. 319, 332 (1976). Substantive due process protects certain individual liberties
19  from undue government restraint. *Kelley v. Johnson*, 425 U.S. 238, 244 (1976). An equal
20  protection violation claim concerns actions "with an intent or purpose to discriminate against the
21  plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193,
22  1194 (9th Cir. 1998). Construing Plaintiff's amended complaint liberally, the only Fourteenth
23  Amendment violations alleged appear to involve substantive due process concerns. For the same

reasons stated in the Report and Recommendation, Plaintiff has failed to state a legally cognizable claim against any Defendant. The Court will address each Defendant in turn.

        a.        Defendant Secretary Strange

As with Plaintiff's complaint, Plaintiff lists Defendant Secretary Strange as a Defendant in her individual capacity in the caption of her amended complaint but does not allege any facts about her in the body of the amended complaint.[2] (*See generally* Am. Compl.) Plaintiff therefore has not cured the deficiencies from her complaint because she has not alleged that Defendant Secretary Strange had any personal involvement in, or even knowledge of, the events giving rise to this matter.

To the extent Plaintiff is attempting to reassert liability under the theory of *respondeat superior*, supervisors are generally not liable for the actions of subordinates on a theory of vicarious liability under 42 U.S.C. § 1983. *See Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir. 2001) (citing *Hansen v. Black,* 885 F.2d 642, 645-46 (9th Cir. 1989)). "A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (internal quotations omitted). As just discussed, Plaintiff has failed to allege any personal involvement or causal connection by Defendant Secretary Strange to the claims in this matter. Accordingly, the Court recommends

---

[2] The Court notes that Plaintiff's assertion that "[a]ll Defendants, doing jobs unlawfully, allowing jobs to be done unlawfully, or not doing job at all absolutely took away Plaintiff, Katherine Louise Whitney's, Civil Rights!" (Am. Compl. at 3) is insufficient to allege any facts that Defendant Secretary Strange, or any of the other Defendants, participated in a violation of Plaintiff's constitutional rights or caused any harm of constitutional dimension.

REPORT AND RECOMMENDATION - 7

Plaintiff's claims against Defendant Secretary Strange in her individual capacity be dismissed with prejudice.[3]

### b. Defendant Deputy Shuey

Plaintiff's claims against Defendant Deputy Shuey are the same as those asserted in her complaint but with less detail. The Court's previous analysis therefore still applies. In short, a state actor generally has no constitutional obligation to protect an individual from harm by a third party. *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195-201 (1989). Because Defendant Deputy Shuey did not have an obligation to protect Plaintiff from harm allegedly inflicted by Ms. Howell, a third party, Plaintiff's claim fails.

Plaintiff's amended complaint also has not alleged any facts that meet the standards for the two exceptions to this general rule. The special-relationship exception is inapplicable because Plaintiff does not allege Defendant Deputy Shuey took her into custody against her will. *DeShaney*, 489 U.S. at 199-200. Similarly, the state-created danger exception is inapplicable because Plaintiff does not allege Defendant Deputy Shuey placed her in danger with deliberate indifference to a known or obvious danger. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2001). Rather, Plaintiff alleges Defendant Deputy Shuey believed Plaintiff did not need the protection of a civil standby. Lastly, the allegations in Plaintiff's amended complaint are even more deficient than those in the complaint because Plaintiff alleges that if Defendant Deputy Shuey had conducted a civil standby, the assault "maybe" would not have occurred. (Am. Compl. at 2, 3.) Accordingly, the Court recommends Plaintiff's claims against Defendant Deputy Shuey be dismissed with prejudice.

---

[3] Plaintiff's amended complaint attempts to reassert claims against Defendant Secretary Strange in her official capacity. (Am. Compl. at 1.) These claims have already been dismissed without leave to amend by Judge Settle. (Dkt. # 32 at 2.)

    c.  Defendant City of Tacoma

Plaintiff's complaint failed to assert any factual allegations against Defendant City of Tacoma or any of its employees or agents. (*See* Compl.) Similarly, Plaintiff's amended complaint fails to state any factual allegations against Defendant City of Tacoma.[4] (*See* Am. Compl.) "While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). To state a claim against a municipality under § 1983, a plaintiff must allege sufficient facts to support a reasonable inference that the execution of a policy, custom, or practice was the "moving force" that resulted in the deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978).

Because Plaintiff has not alleged any facts involving Defendant City of Tacoma, she fails to allege that Defendant City of Tacoma or its employees or agents acted through a policy, custom, or practice that permitted deliberate indifference to, or violated, her civil rights. Plaintiff has also failed to allege that Defendant City of Tacoma ratified any unlawful conduct. Accordingly, the Court recommends that Plaintiff's claims against Defendant City of Tacoma be dismissed with prejudice.

    d.  Defendant Wheeldon

Plaintiff's allegations that Defendant Wheeldon informed the Morning Tree Park Apartments that Plaintiff's state housing benefits were month-to-month are the same as the allegations in her complaint that were found to be legally deficient. Therefore, Plaintiff's bare

---

[4] Plaintiff's amended complaint names "City of Tacoma, A Municipal Entity, et al, vis a vis Victoria Woodards, Individually and in her Official Capacity and Marital Community." (Am. Compl. at 1.) Plaintiff alleges no facts against Victoria Woodards, and it is unclear if she is an agent of the City of Tacoma. Because Plaintiff fails to allege any facts against Ms. Woodards, she fails to state a claim against her in either her individual or official capacity.

assertions regarding Defendant Wheeldon in the amended complaint remain deficient because they do not allege Defendant Wheeldon is a state actor as required to assert a 42 U.S.C. § 1983 claim.

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The Supreme Court has articulated four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Id.* at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002).

As noted above, Plaintiff's amended complaint contains even fewer facts than the original complaint. Even construing Plaintiff's amended complaint liberally, the allegation that Defendant Wheeldon, a non-profit organization employee, communicated "misinformation" about Plaintiff's housing benefits to an apartment complex does not allege that Defendant Wheeldon was a state actor. Plaintiff also does not allege that the state exercised coercive power over Defendant Wheeldon, or had a close nexus with her. Although Share and Care House appears to have helped facilitate payments of Plaintiff's state housing benefits, Plaintiff has not established that in doing so, Defendant Wheeldon exercised powers that are traditionally and exclusively the prerogative of the state. *See Rendell-Baker v. Kohn,* 457 U.S. 830 (1982) (holding the mere receipt of government funds did not make privately-run school government actor); *see also Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1243 (5th Cir. 1982) ("[L]essors in Section 8 new construction housing programs act as private parties.").

Considering Plaintiff alleges the same facts that were found to be deficient in the complaint, Plaintiff's amended complaint fails to allege Defendant Wheeldon was a state actor.

1  Accordingly, the Court recommends that Plaintiff's claims against Defendant Wheeldon be
2  dismissed with prejudice.
3                  e.          Defendants Pastor, Rodgers, Hamblen, and Fitzsimmons
4      Plaintiff's complaint alleged various claims against Defendants Rodgers, Hamblen, and
5  Fitzsimmons generally regarding their recommendation of housing options and fielding of
6  Plaintiff's reports that were found to be insufficient to state a claim. (*See* Dkt. # 27 at 10-12, 14-
7  16.) Plaintiff's amended complaint fails to correct the deficiencies in the complaint as Plaintiff's
8  amended complaint is void of any factual allegations regarding these Defendants.
9      The Court notes that Plaintiff appears to reference prior filings in her amended complaint.
10 (Am. Compl. at 2.) Specifically, Plaintiff states that she has communicated "many times to this
11 court, with exhibits, showing facts of this case." (*Id.*) Plaintiff also references an email to the
12 Morning Tree Park Apartments that is "an exhibit on previous filing." (*Id.*) As a threshold
13 matter, an amended pleading operates as a complete substitute for an original pleading. *See*
14 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, the amended complaint is the
15 operative complaint. Regardless, Plaintiff's allegations have already been found deficient.
16 Because Plaintiff's amended complaint does not raise any new factual allegations against
17 Defendants Rodgers, Hamblen, and Fitzsimmons, Plaintiff has not cured the identified
18 deficiencies.
19     Plaintiff's amended complaint also added Defendant Pastor, Deputy of Pierce County
20 Sheriff Department, but does not allege any facts about him. (Am. Compl. at 1.) Plaintiff has
21 therefore failed to state a claim that Defendant Pastor participated in any violation of Plaintiff's
22 constitutional rights. To the extent Plaintiff is attempting to assert that Defendant Pastor is liable
23 as a supervisor, as she identified him as "Superintendent for Pierce County Sheriff", there is no

legally cognizable claim. As discussed above, supervisors are not liable under 42 U.S.C. § 1983 unless either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Jeffers,* 267 F.3d at 915. Because Plaintiff fails to allege any facts regarding Defendant Pastor, she fails to state a claim against him as either an individual or as a supervisor.

Accordingly, the Court recommends Plaintiff's claims against Defendants Pastor, Rodgers, Hamblen, and Fitzsimmons be dismissed with prejudice.

### IV.    RULE 12(B)(2) AND 12(B)(5) MOTION

Defendants Pastor and Rodgers also move to dismiss Plaintiff's claims pursuant to Rule 12(b)(2) and 12(b)(5). (Second Pastor, Rodgers, and Shuey Mot. at 3-4.) Defendants Pastor and Rodgers argue the record contains no indication that either has been served a summons, complaint, or amended complaint, and therefore Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. (*Id.* at 3.) The Court agrees that Plaintiff has not shown that service of process was executed in accordance with Rule 4, which provides, in part, that if a defendant is not served within the specified time period, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4. Plaintiff has not shown that service of process was executed with regard to Defendants Pastor and Rodgers. Therefore, the Court alternatively recommends that Plaintiff's claims against Defendants Pastor and Rodgers be dismissed without prejudice for failure to execute service of process.[5]

---

[5] Defendants Pastor and Rodgers alternatively argue Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(2) for a lack of personal jurisdiction because they have not been served. (*Id.* 3-4.) As discussed in the Report and Recommendation (dkt. # 27 at 6), personal jurisdiction provides a basis for an exercise of jurisdiction, but service of process is the means by which a court asserts its jurisdiction over the person. *SEC v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007). That is, there is no "lack of personal

## V.  QUALIFIED IMMUNITY

Defendants Secretary Strange, Deputy Shuey, Rodgers, and Pastor also argue they are entitled to qualified immunity. (Second Strange Mot. at 6-11; Second Pastor, Rodgers, and Shuey Mot. at 6-7.) Because the Court has found Defendants did not violate Plaintiff's constitutional rights, the Court need not address qualified immunity.

## VI.  LEAVE TO AMEND

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, a *pro se* plaintiff does not enjoy unlimited opportunities to amend his complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming the district court's dismissal of the plaintiff's third amended complaint without leave to amend when it failed to cure the pleading deficiencies). When a *pro se* party fails to cure deficiencies that the court has previously identified, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed the *pro se* plaintiff regarding the deficiencies in a prior order and granted leave to amend); *cf. Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

The Court previously granted Plaintiff leave to amend. (Dkt. # 32.) Plaintiff's amended complaint did not assert any new facts regarding the named Defendants or cure any of the other

---

jurisdiction" for the purposes of Fed. R. Civ. P. 12(b)(2). The Court therefore does not address this argument.

REPORT AND RECOMMENDATION - 13

deficiencies identified in the Report and Recommendation.[6] The Court has already determined that the alleged facts do not state a legally cognizable claim under the law. Given Plaintiff's failure to cure the deficiencies in her complaint—in spite of the Court's detailed guidance about those deficiencies—the Court concludes that any further amendment of the complaint would be futile and thus recommends further leave to amend be denied.

## VII.   CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' motions to dismiss (dkt. ## 35, 37, 39, 42) be GRANTED and Plaintiff be denied leave to file an amend her complaint.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 3, 2020**.

The Clerk is directed to send copies of this order to the parties and to the Honorable Benjamin H. Settle.

Dated this 19th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[6] In comparing Plaintiff's complaint and amended complaint, it appears the only new facts alleged are that the landlord, Ms. Howell, allegedly has a fraud conviction from 2005. (*Compare* Compl. *with* Am. Compl.)

REPORT AND RECOMMENDATION - 14